IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
COREY A. MCCRIMMON,              )
                                 )
           Plaintiff,            )
                                 )
     v.                          )     1:15-cv-552
                                 )
MARINER FINANCE NORTH            )
CAROLINA, INC. F/K/A SECURITY    )
FINANCE CORPORATION OF           )
LINCOLNTON,                      )
                                 )
           Defendant.            )
```

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, District Judge.

Before the court is a motion by Mariner Finance North Carolina, Inc. ("Mariner") to dismiss Corey A. McCrimmon's claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. § 75-50 *et seq.*, and the North Carolina Unfair and Deceptive Trade Practices Act ("NCUDTPA"), N.C. Gen. Stat. § 75-1.1 *et seq.* (Doc. 8.) For the reasons set forth below, the motion will be granted in part and McCrimmon's FDCPA claim will be dismissed. In addition, because the court lacks original jurisdiction over the remaining claims in this case, the court will decline to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c)(3). As a result, the action will be remanded to the Superior Court of Lee County, North Carolina.

I.  **BACKGROUND**

On June 11, 2010, McCrimmon executed a Note and Security Agreement in favor of Mariner.[1] (Doc. 7 ¶ 13.) In 2012, McCrimmon sued Mariner in the Superior Court of Lee County, North Carolina, alleging that Mariner engaged in unlawful practices while attempting to collect the outstanding balance due on the loan. (Id. ¶ 15.) The parties entered into a Settlement Agreement which, among other things, released McCrimmon from any obligation to pay the outstanding balance of the loan. (Id. ¶ 18.) Despite the Settlement Agreement, however, Mariner continued to report the loan as delinquent to various credit reporting agencies ("CRAs"). (See id. ¶¶ 23–28.) McCrimmon objected, making phone calls to Mariner employees and visiting a Mariner branch in order to complain about the company's conduct. (Id. ¶¶ 33–35.) Mariner's representatives responded that McCrimmon remained liable under the loan and that Mariner would continue to report negative information to third parties, including CRAs. (Id. ¶ 38.)

On June 10, 2015, McCrimmon filed this action in the Superior Court of Lee County, North Carolina. McCrimmon brings claims for violations of the FDCPA, NCDCA, and NCUDTPA, as well as for breach of the Settlement Agreement, negligence, and defamation. (Doc. 7

---

[1] At the time, Mariner was known as Security Finance Corporation of Lincolnton. (Doc. 7 ¶ 13.) In 2014, the company changed its name to Mariner Finance North Carolina, Inc. (Doc. 7 ¶ 8.)

2

¶¶ 45-109.)  Mariner timely removed the action, citing this court's original, federal question jurisdiction over the FDCPA claim and supplemental jurisdiction over the remaining State law claims. (Doc. 1 ¶ 8.)  Mariner now moves to dismiss McCrimmon's claims under the FDCPA, NCDCA, and NCUDTPA.  (Doc. 8.)

**II.  ANALYSIS**

Mariner first moves to dismiss McCrimmon's FDCPA claim.  (Doc. 9 at 9-12.)[2]  Although the FDCPA regulates the conduct of "debt collectors," it generally does not apply to "creditors." Scott v. Wells Fargo Home Mortg. Inc., 326 F. Supp. 2d 709, 717 (E.D.N.C. 2003), aff'd sub nom. Scott v. Wells Fargo & Co., 67 F. App'x 238 (4th Cir. 2003) (per curiam), abrogated on other grounds by Houck v. Substitute Tr. Servs., 791 F.3d 473, 480 (4th Cir. 2015).  An entity that "offers or extends credit creating a debt" qualifies as a creditor for the purposes of the FDCPA.  15 U.S.C. § 1692a(4). The FDCPA specifically provides that officers and employees of creditors do not qualify as debt collectors, even when engaged in the process of collecting debts, so long as they do so in the name of the creditor.  Id. § 1692a(6)(A).  As a result, "[c]rediting

---

[2] McCrimmon failed to respond to Mariner's arguments regarding the FDCPA in his response brief.  (See Doc. 15.)  When a party fails to respond to a motion, "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." M.D.N.C. LR 7.3(k).  This court has strictly enforced Local Rule 7.3.  The court need not rely on McCrimmon's failure to respond in this case, however, because Mariner clearly does not qualify as a debt collector for the purposes of the FDCPA.

3

institutions, such as banks, are not debt collectors under section 1692a(6)(A) because they collect their own debts and are in the business of lending money to consumers." Davis v. Dillard Nat'l Bank, No. 1:02-cv-546, at *10 (M.D.N.C. June 4, 2003) (unpublished).[3]

Here, Mariner does not qualify as a debt collector for the purposes of the FDCPA. Instead, Mariner is a creditor because it extended credit directly to McCrimmon. (See Doc. 7 ¶ 13.) Even if the allegedly improper statements made by Mariner officers and employees were attempts to collect a debt, it appears that these individuals only acted in the company's name. (See id. ¶¶ 33–38 (claiming that the allegedly improper statements occurred during phone calls McCrimmon placed to Mariner employees and visits McCrimmon made to a Mariner branch).) The court therefore concludes that Mariner is not a debt collector subject to the FDCPA. McCrimmon's FDCPA claim will be dismissed.

Mariner also moves to dismiss McCrimmon's NCDCA and NCUDTPA claims. (Doc. 9 at 4–9.) Given the absence of a viable federal claim or grounds for the exercise of diversity jurisdiction,[4] however, the remaining State law claims should not proceed in this

---

[3] Non-binding unpublished decisions are cited only for the persuasive value of their reasoning.

[4] McCrimmon resides in Lee County, North Carolina. (Doc. 7 ¶ 2.) Mariner is incorporated under the laws of the State of North Carolina. (Id. ¶ 4.) As such, this court lacks diversity jurisdiction under 28 U.S.C. § 1332.

4

court.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [state] claim . . . [when] the district court has dismissed all claims over which it has original jurisdiction."); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); Waybright v. Frederick Cnty., Md., 528 F.3d 199, 209 (4th Cir. 2008) ("With all its federal questions gone, there may be the authority to keep [a case] in federal court . . . but there is no good reason to do so."). The remaining claims present "complex and unsettled issues of North Carolina law which would be more appropriately resolved by a North Carolina Court." McCullogh v. Branch Banking & Trust Co., 844 F. Supp. 258, 261 (E.D.N.C. 1993). Accordingly, the court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), and the remaining claims will be remanded to the Superior Court of Lee County, North Carolina.

**III. CONCLUSION**

For the reasons stated, the court finds that the complaint fails to state a claim under the FDCPA. The court declines to exercise supplemental jurisdiction over the remaining State law claims.

IT IS THEREFORE ORDERED that Mariner's motion to dismiss (Doc.

5

8) is GRANTED IN PART and McCrimmon's claim for relief under the FDCPA is DISMISSED.

IT IS FURTHER ORDERED that this action is remanded to the Superior Court of Lee County, North Carolina.

<pre>
                                   /s/   Thomas D. Schroeder
                                  United States District Judge
</pre>

January 5, 2016

6

Case 1:15-cv-00552-TDS-JEP   Document 17   Filed 01/05/16   Page 6 of 6